UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOMINGO GONZALEZ, on behalf of himself
and other similarly situated,

                                Plaintiff,

                          **MEMORANDUM AND ORDER**

           - against -

                          CV 04-22 (SLT) (AKT)

NICHOLAS ZITO RACING STABLE, INC., and
NICHOLAS ZITO, in his individual capacity

                              Defendants.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Plaintiffs brought this action under § 216(b) of the Fair Labor Standards Act ("FLSA") seeking unpaid overtime compensation and other relief. Judge Townes certified the class consisting of past or present employees of Nicholas Zito Racing Stables who worked as watchmen, grooms, hot walkers and other occupations related to the horse racing industry within the state of New York from 2001 to the present. *See* DE 86. The class was certified pursuant to Fed. R. Civ. P. 23(b)(3)

       Counsel for Plaintiffs submitted to the Court a proposed Notice of Pendency of Class Action and an accompanying Publication Order [DE 89]. Thereafter, Defendants filed a separate proposed Notice of Pendency of Class Action and Publication Order [DE 90]. At the outset, it should be noted that both sides agree the Notice should be circulated in both English and Spanish versions because many if not most of the class members' first language is Spanish and many have limited formal education [DE 90 at 1]. However, Defendants' proposed Notice contains a specific tear-off election form to opt-out of the class action, a provision not contained in

Plaintiffs' version of the proposed Notice and one to which Plaintiffs object. After initial discussion with the Court, the parties submitted additional argument. *See* DE 94 and 96. Early in this case and prior to the motion for class certification, Plaintiffs requested authorization to serve a Notice of Pendency for a collective action [DE 13], pursuant to 29 U.S.C. § 216(b), the applicable portion of the FLSA. Section 216(b) provides in pertinent part that

> An action to recover the liability prescribed in [this section] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employers shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Defendants' counsel here relies upon this specific language of § 216(b) and the fact that the parties included an opt-in form with the initial Notice of Pendency as support for his argument that an opt-out form is just as necessary and reasonable as applied to the currently proposed Notice of Pendency. The difference here, however, is that the language of § 216(b) is mandatory by the statute's own terms and requires potential participants in the collective action to affirmatively complete a separate form to become a plaintiff in the case.

Once the class was certified pursuant to Rule 23(b)(3), however, the "notice" provision is governed by Rule 23(c)(2)(B) which sets forth as follows:

> **(B)** *For (b)(3) Classes*. For any claim certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all member who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (I)    the nature of the action;
> (ii)   the definition of the class certified;
> (iii)  the class claims, issues, or defenses;

2

> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

A separate opt-out form is not mandated by Rule 23. In fact, Rule 23(c)(3) does not make mention of an opt-out form. Nonetheless, both sides in this action acknowledge that Rule 23 as well as case law supports the notion that a notice sent to class members must advise them of their right to be excluded from participating in this type of action. *See* DE 90, 96; DE 94 at 2. Plaintiffs' counsel argues, however, that an opt-out form itself is unnecessary and may well confuse the class of workers here to whom the Notice is sent [DE 94] since many of them are individuals for whom English is a second language. In addition, Plaintiffs' counsel maintains that appropriate and sufficient opt-out language is already contained in the proposed Notice submitted by Plaintiffs [DE 89] and is found in the "New York Law Claims" section, as follows:

> . . . You may participate in this case as long as you worked for VLM at anytime since March 16, 2001. You shall be represented by Barnes Iaccarino Virginia Ambinder & Shepherd, PLLC, the attorneys designated by the Court to represent you ("Class Counsel"). If you do not wish to participate in this lawsuit, you must send a letter stating your intention to exclude yourself from the Class to: Clerk of the Court, United States District Court, 225 Cadman Plaza East, Brooklyn, New York 11201. If you decide not to participate in this lawsuit, you may not be eligible to receive any benefits in the event that a settlement or judgment is obtained. You would be free to file or pursue claims against any of the defendants independently at your own expense. By participating as a class member in the New York law portion of this lawsuit, you will not be entitled to recover liquidated damages as permitted under the New York statute.

DE 89; DE 94 at 2.  Aside from their argument that this language is sufficient, Plaintiffs further assert that such wording also satisfies due process requirements.  In the end, Plaintiffs contend, including an opt-out form with the Notice is unnecessary and only leads to confusion.  DE 89 at 2.

In supporting use of an opt-out form, Defendants' counsel asserts that this procedure is necessary to "facilitate the accurate filing of opt-out notices" and, rather than fostering confusion, the process actually eliminates any confusion [DE 96 at 1].  Defendants' counsel further argues that without some written guidance in the Notice,

> . . . class members wishing to opt out of the case would be required to each draft his or her own letter to the United States District Court, an intimidating prospect for any layperson, but prohibitively so for individuals who primarily speak only Spanish; may be unable to write in English or Spanish; may have immigration issues; lack familiarity with the court system; and have no experience whatsoever in drafting letters concerning important legal matters.  An individual confronted with such a task will have no guidance in what to say or how to say it, in order to opt-out of the case.  These individuals will have no idea even how to reference the case caption or case number, nor can they be expected to know whether their letter to the Court must be written in English.

DE 96 at 1-2.

As support for no opt-out form, Plaintiffs rely upon a number of cases, including *Phillips Petroleum Co. v. Schutts*, 472 U.S. 797, 812 (1985).  *Schutts* involved a class action brought by gas company investors to recover interest on royalties suspended pending the final administrative approval of gas price increases.  *Id*. at 797.  A class of 33,000 royalty owners had been certified by the state court in Kansas.  Each class member was provided with a notice which

> described the action and informed each class member that he could appear in person or by counsel; otherwise each member would be represented by Schutts and the Andersons, the named plaintiffs.

4

> The notices also stated that class members would be included in the class and bound by the judgment unless they "opted out' of the action by executing and returning a "request for exclusion" that was included with the notice.

*Id.* at 801. The petitioners in *Schutts* argued that the "opt-out" notice to absent class members which forced them to return the request for exclusion in order to avoid the litigation was not sufficient to bind class members who did not reside in Kansas or who did not possess "minimum contacts" with Kansas. *Id*. at 802. In addressing the notice itself, the Supreme Court held that

> due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an "opt out" or "request for exclusions" *form* to the court.

*Id*. at 812 (emphasis supplied). Here, the Supreme Court's decision clearly encompassed the return of a *form* that had been included with the notice. The Supreme Court held that this procedure followed by Kansas, " . . . where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt-out' satisfies due process." *Id*. Plaintiff in the instant case relies on the latter premise, without addressing the fact that the notice at issue contemplated the return of a *form* by an opting-out class member. The Supreme Court's consideration of an "opt-out" form is reiterated subsequently in the *Schutts* decision:

> [w]e think that such results show that the "opt out" procedure provided by Kansas is by no means *pro forma*, and that the Constitution does not require more to protect what must be the somewhat rare species of class member who is unwilling to execute an "opt out" form, but whose claim is nonetheless so important that he cannot be presumed to consent to being a member of the class by his failure to do so.

*Id.* at 813. In light of this information, Plaintiff's reliance upon *Schutts* is half right – it omits that portion of the decision, however, in which the Court discussed, with approval, Kansas' use of an "opt-out" form.

In support of their arguments, both sides discuss *Patrowicz v. Transamerica Homefirst, Inc.*, 359 F. Supp. 2d 140 (D. Conn. 2005).  The litigation in *Patrowicz* arose out of "reverse mortgage" practices engaged in by the defendants.  Among other things, the complaint charged that the defendants "sought to enrich themselves at the expense of their elderly customers by concealing material terms in the loan documents and inducing [plaintiff] to sign the reverse mortgage through false or misleading representations." *Id*. at 143.  The defendants moved to dismiss on the grounds of *res judicata*, claiming that plaintiff was a member of a class action that was settled by way of final judgment in a California court some two years earlier. *Id*. at 144.  Plaintiff in *Patrowicz* did not dispute that she received Class notice, but argued instead that the notice failed to comply with the requirements of due process because it did not contain an "opt out" form and had been sent by regular mail instead of certified or registered mail. *Id.* at 149.

Plaintiffs in the instant case point to the following statement of the district court in *Patrowicz*:

> Contrary to Plaintiff's claim, due process did not require the court to include an opt out postcard or tear-off form in the notice to the Class. *See, e.g.*, *In re Prudential Ins. Co. of America Sales Practices Litig.*, 962 F. Supp. 450, 531 (D. N.J. 1997) (a specific opt-out form is not necessary, especially where "the Class Notice clearly describes the steps to opt out, which are extremely simple."); 3 Alba Conte & Herbert B. Newberg *Newberg on Class Actions* § 8.21, at 232 (4th ed. 2002) ("courts have rejected the inclusion of opt-out forms with published and mailed combination notices").  In fact, some courts have held that including an opt-out postcard along with class notice would only cause confusion. *See, e.g.*, *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 553-54 (N.D. Ga. 1992) (inclusion of opt-out form would confuse class members); *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D. Cal. 1988) (observing that on balance "a separate form will engender confusion and encourage investors to unwittingly opt out of the class").

> All that the Due Process Clause required is that absent Class members be informed of their right to opt out of the class and the procedures for doing so.

*Id.* at 152-53.  According to Plaintiffs, nothing further is needed in the notice other than language informing class members of their ability to opt-out which counsel asserts his proposed notice provides [DE 94].  Defendants' counsel discounts the weight of *Patrowicz* in light of Rule 23(c)'s requirement that "the court shall direct . . . *the best notice practicable under the circumstances*" and that the best notice here would include a "simple, unambiguous and unmistakable form" similar to the FLSA opt-in form [DE 96 (emphasis in the original)].

Among other things, the Court notes that the opt-in Plaintiffs in this case are a far smaller class than the nationwide class certified in *Patrowicz*.  359 F. Supp. 2d at 145.  Moreover, plaintiff in *Patrowicz* was the executrix of an estate where the deceased had been a member of a class in a reverse mortgage litigation and where the executrix sued the lenders in a separate action.  *Id.* at 143.  The executrix claimed that the notice to the class failed to comply with due process requirements because (1) it did not contain an "opt out" form that the executrix "could simply mail in to exclude herself from the Class" and (2) the notice was provided by regular mail instead of certified or registered mail and "regular mail was inadequate because Class members initially received an erroneous notice and elderly Class members, like [plaintiff], were likely confused by the multiple mailings."  *Id.* at 149.  Relying on the Second Circuit's decision *Wal-Mart Stores, Inc. v. VISA U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005), the district court in *Patrowicz* focused on the following language in *Wal-Mart Stores*:

> There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options

>that are open to them in connection with the proceedings. Notice is adequate if it may be understood by the average class member.

*Wal-Mart Stores, Inc.*, 396 F.3d at 113-14. Applying this reasoning, the court in *Patrowicz* held due process did not require inclusion of an opt-out postcard or tear-off form, nor did it require special mailing. *Patrowicz*, 359 F. Supp. 2d at 152. Once again, the court in *Patrowicz* was viewing this issue of an opt-out form in hindsight in the context of a previously concluded settlement, which circumstances are different from the instant FLSA litigation where the parties are dealing in advance with a Notice of Pendency and not a settlement.

As Plaintiffs discuss, and the Court has independently found, there are other cases where courts have held that an opt-out form is not required. *See Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 74 (S.D.N.Y. 2003) (notice of pendency did not require separate opt-out form but provided that parties wishing to opt out of the class must file a notice of exclusion postmarked 45 days after the mailing date of the notice); *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262, 2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) (notice of pendency satisfied Rule 23(c)(2) and due process because it was mailed to last known address for each class member and explained right to "opt-out"); *see also Krzesniak v. Cendant Corp.*, No. C. 05-05156, 2007 WL 4468678, at *3 (N.D. Cal. Dec. 17, 2007) (Advisory Committee Notes included with Fed. R. Civ. P. 23(c)(2)(B) refer only to "illustrative clear-notice forms and accordingly, notice shall not include an opt-out form); *Canel v. Lincoln Nat'l Bank*, 175 F.R.D. 517, 519 (N.D. Ill. 1997) (attachment of separate exclusion form, for purposes of opting out of class, to proposed notice of class certification was not warranted); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 554 (N.D. Ga. 1992) ("This Court agrees with plaintiffs that inclusion of a pre-printed opt-out form will confuse class members and result in unnecessary costs."); *Roberts v. Heim*, 130

F.R.D. 416, 423 (N.D. Cal. 1988) (acknowledging possible confusion resulting from inclusion of opt-out form and refusing to include an opt-out form with class notice).

Although there is authority for each side's position, the Court concludes that the better resolution under the circumstances of this case is not to include a separate "opt-out" form. Like the court in *Canel*, I find in this particular factual scenario, especially in light of the second language issues accompanying the proposed notice, that a separate form may well create "more confusion than it remedies." *Canel*, 175 F.R.D. at 519 (citing *In re Prudential Inc. Co. of Am.*, 962 F. Supp. 450 (D. N.J. 1997)).

However, I do have some concern about the clarity of the directives to the class in Plaintiffs' proposed "New York Law Claims" section. Therefore, I am directing that this section be revised as follows:

### NEW YORK LAW CLAIMS

A. **If you WANT to participate in the Class Action**.

    A class has also been certified for claims arising under New York law. You do not need to do anything at this time as you are automatically a member of the Class of workers who have claims arising under New York law. You may participate in this case as long as you worked for NICHOLAS ZITO RACING STABLES at any time since March 16, 2001. You shall be represented by Barnes Iaccarino virgina Ambinder & Shepherd, PLLC, the attorneys designated by the Court to represent you ("Class Counsel").

B. **If you do NOT WANT to participate in the Class Action**.

    If you do not wish to participate in this lawsuit, you must send a letter stating your intention to exclude yourself from the Class to: Clerk of the Court,

United States District Court, 225 Cadman Plaza East, Brooklyn, New York 11201. **If you decide not to participate in this lawsuit, you may not be eligible to receive any benefits in the event that a settlement or judgment is obtained**. You would be free to file or pursue claims against any of the defendants independently at your own expense. By participating as a class member in the New York law portion of this lawsuit, you will not be entitled to recover liquidated damages as permitted under the New York statute.[1]

### CONCLUSION

The parties are directed to submit a revised form of Notice of Pendency to the Court for approval within fourteen (14) days of the date of this Memorandum and Order, along with any accompanying documents. The Notice should include a revised bar date. If the parties are unable to agree upon the final language of the Notice for any reason, they should contact my Chambers immediately to schedule a telephone conference prior to the expiration of the fourteen days referenced above.

**SO ORDERED.**

Dated: Central Islip, New York
September 30, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

---

[1] This language and format is very similar to that approved by the court in *Toure v. Central Parking Systems of New York*, 05 Civ. 5237, an FMLA case in the Southern District of New York.