# McGinity & McGinity, P.C.

1225 Franklin Avenue
Suite 325
Garden City, New York 11530

Hon. Leo F. McGinity
Leo F. McGinity, Jr.

Tel: (516) 227-6000
Fax: (516) 432-7490

September 29, 2010

*Via ECF*
Hon. Sandra L. Townes
United States District Court Judge
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:**  ***Berrios, et al. v. Nicholas P. Zito Racing Stable, Inc.***
      ***(CV 04 0022) (SLT) (akt)***

Dear Judge Townes:

  We represent the defendants Nicholas P. Zito Racing Stable, Inc. ("Zito Racing") and Nicholas P. Zito in the above-referenced action. We write in response to the request by plaintiffs' counsel, Delvis Melendez, Esq. dated September 23, 2010, for a pre-motion conference in anticipation of filing a motion for leave to amend plaintiff's complaint yet again. We would respectfully oppose any such motion.

  Ms. Melendez' letter indicates that plaintiffs will seek leave to file a third amended complaint to add a cause of action for statutory liquidated damages under §663(1) of the New York Labor Law. New York law bars any claim for liquidated damages maintained as a class action. See, New York C.P.L.R. §901(b). Earlier in this action, in 2004, the parties addressed this issue in connection with plaintiffs' motion for leave to amend their complaint to add New York Labor Law claims and to certify a Fed. R. Civ. P. 23 class under the New York Law provisions. By Memorandum and Order dated April 4, 2008 (the "Order") the Court granted plaintiffs' motion to amend and to certify a class. The Court expressly noted that liquidated damages are not recoverable here under New York law, and found that class members who wished to pursue liquidated damages under New York law could opt out of the Rule 23 class action and pursue their individual claims. Order at pp. 7-8. On this basis the instant action proceeded, and the Notice of Pendency published, posted and sent to the class members expressly provides that "[b]y participating as a class member in the New York law portion of this lawsuit, you will not be entitled to recover liquidated damages as permitted under the New York statute."

  Plaintiffs seek leave to amend to now assert a claim for liquidated damages based upon plaintiffs' reading of the U.S. Supreme Court holding in Shady Grove Orthopedic Association,

P.A. v. Allstate Insurance Co., 130 S. Ct. 1431, decided on March 31, 2010. We believe that the Shady Grove holding is distinguishable, and in any case, since Shady Grove was a divided opinion, with four justices in agreement and four justices opposed, the concurring opinion of Justice Stevens must be deemed to be, in effect, the majority opinion. In fact, since Shady Grove was decided earlier this year at least two District Courts have refused to extend the holding beyond the confines of Justice Stevens' concurring opinion.

Ms. Melendez's letter also suggests that plaintiffs' motion for leave to amend would be governed by the liberal standard of Rule 15 (a), Fed. R. Civ. P. However, as the Court noted in the Order, the scheduling order entered on July 7, 2004 "fixed November 26, 2004 as the deadline for amending pleadings." (Order, p. 4, fn. 1). Plaintiffs' previous motion for leave to amend was initiated three days before that deadline, entitling plaintiffs' motion to the more liberal Rule 15 consideration. However, now that the established deadline for amending pleadings has passed - nearly six years ago - plaintiffs' motion would be governed by the more stringent Rule 16(b), which requires a showing of good cause. Id. The cases cited in Ms. Melendez' letter concern Rule 15 and are inapposite. We oppose plaintiffs' application, under the "good cause" standard, on several grounds. First, Ms. Melendez concedes that the Shady Grove holding which underpins the plaintiff's application was decided on March 31, 2010, some six months ago. Yet plaintiffs made no effort to seek leave to amend their complaint after that holding was published. The parties appeared before Magistrate Judge Tomlinson on July 14, 2010 for a final scheduling conference. At that time Magistrate Tomlinson asked the parties to raise any and all outstanding issues, and repeatedly asked counsel if there were any other issues to be raised. Plaintiff's counsel never mentioned a further application to amend the complaint, although the Shady Grove opinion had been issued months earlier. Accordingly, Magistrate Tomlinson issued a final scheduling order, fixing October 20, 2010 as the end of discovery. Even after that order was entered plaintiffs' counsel made no effort to seek leave to amend under Shady Grove until now, nearly two and one-half months after the final scheduling order was entered without objection, and only three weeks before the close of discovery.

This action was originally filed with one plaintiff, under the FLSA. Plaintiff's counsel successfully moved to convert the original claims to a collective action under the FLSA and to circulate Collective Action notices upon Ms. Melendez' representation to the Court that the claims herein would not be pursued as a Rule 23 class action.[1] Plaintiffs' counsel then abandoned that course and successfully moved for Rule 23 class certification. In connection with that certification the federal question FLSA claims brought by a meager handful of individuals, subject to a two year statute of limitations, mushroomed into a Rule 23 claimant class of more than one-thousand individuals asserting New York state law claims with a six-year statute. Indisputably the claimants could not seek liquidated damages under their state law claims in New York's state courts. As is noted in the Order, this Court agreed to exercise supplemental jurisdiction over the massive state-law claims because of the similarity of the operative facts between the FLSA claims and the state-law claims. However, plaintiffs' request for leave to

---

[1] The July 12, 2004 letter from Plaintiff's counsel to Magistrate James Orenstein which successfully requested leave to serve FLSA Collective Action notices emphatically declared that "Plaintiffs [sic] lawsuit is **not** brought as a Rule 23 Class Action" (emphasis in original).

assert state-law liquidated damages under the federal Rule 23 class format would vastly increase the potential damages defendant would be subject to. This unwarranted enhancement of damages, which would be barred under New York law, would be an extremely lucrative reward for blatant forum shopping and would violate the clear purpose of the legislative enactment of New York C.P.L.R. §901(b), which is to prevent a devastating threat to class-action defendants. If plaintiffs are permitted to seek statutory liquidated damages in this Court for their New York state-law claims, when they would plainly be barred from seeking such damages in New York's courts, we will respectfully request that the Court revisit its determination to exercise supplemental jurisdiction over the plaintiffs' state-law claims, because in such case the similarities between plaintiffs' FLSA claims, and their New York Labor Law claims, would be heavily outweighed by the differences, to defendant's clear prejudice.

      We respectfully submit that plaintiffs' request for leave to file a motion for the relief requested in counsel's letter of September 23, 2010 be denied.

Respectfully yours,

Leo F. McGinity, Jr.

LFM:hs
cc:    Lloyd Ambinder, Esq. (via ECF)
        Delvis Melendez, Esq. (via ECF)