**LAW OFFICES OF DELVIS MELENDEZ, P.C.**
**90 BRADLEY STREET**
**BRENTWOOD, NEW YORK, 11717**
**631-434-1443**

February 8, 2011

Honorable Sandra Townes
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

      Re: <u>Gonzalez v. Nicholas Zito Racing Stables, Inc., et al.</u>
No. 04 CV 0022(SLT)(AKT)

Dear Judge Townes:

      The undersigned is co-class counsel for the plaintiffs in the above-mentioned case. In accordance with Section III(A) of Your Honor's individual Motion Practices, and Judge Magistrate Tomlinson's January 11, 2011, Order, Plaintiffs submit this letter requesting a pre-motion conference and leave to file a motion for partial summary judgment as to liability pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs' Statement pursuant to Local Civil Rule 56.1 is submitted herein.

      Plaintiffs in this action consist of a certified class of current and former employees of Defendants Nicholas Zito Racing Stable, Inc., and Nicholas Zito. This action was brought under the Fair Labor Standards Act("FLSA"), 29 U.S.C. sec. *201 et seq.*, along with state law claims under New York Labor Law sec. 655, 12 NYCRR sec. 142-3.2 and 12 NYCRR sec. 142-2.4, seeking to recover overtime payments, and "spread of hours" compensation under New York law.

      Defendants operate a horse racing and horse training enterprise. Plaintiffs consist of grooms, "hot walkers," and other employees of the Defendants, all of whom were paid on a flat weekly "salary" basis, without the appropriate payment for overtime.[1] Plaintiffs employed as grooms

---

[1] Some employees at Nicholas Zito Racing Stable were paid, above their flat weekly salary, an additional amount for tasks undertaken by them over an above their regular work week. The extra money was not correlated to the actual time spent on the tasks, and no "time and a half" rate was paid for this additional work after forty hours in a week. While the defendants labeled this additional money in plaintiffs pay stubs as "overtime" defendants have no time records to establish how many hours employee actually spent performing the work related to these additional payments.

typically worked seven to eight hours per day, seven days per week, with hours increasing to twelve or more per day during the racing season. Plaintiffs employed as "hot walkers" typically had more variable hours.

Under Rule 56(d)(2), "an interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages." In determining whether a genuine issue of material fact exists, the evidence is viewed and all inferences are drawn in favor of the nonmoving party. Anderson v. Liberty, Inc., 477 U.S. 242, 255, (1986); Smith v. Ball State University, 295 F.3d 763,767(7th Cir. 2002). An issue is "genuine" when a trier of fact, viewing evidence in a light most favorable to the nonmoving party, could reasonably find in favor of the nonmoving party. Anderson, *supra* 477 U.S. at 248. A fact is "material" if it "might affect the outcome of the suit under the governing law." Id. A court's role on summary judgment is not to weigh evidence. At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Id.

Here, there can be no question that Defendants' underlying conduct of paying workers a flat weekly salary, without regard to overtime hours worked or "spread of hours" shifts under New York law, was unlawful. In pertinent part 29 U.S.C. sec. 207(a)(1) states:

No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of good for commerce, or is employed in an enterprise engaged in commerce or in the production of good for commerce, for a workweek longer than forty hours unless such employee receives compensation of his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed.

In this case, workers, including the hot walkers and grooms, were always paid a flat weekly salary, despite the fact that they worked in excess of 40 hours per week on a regular basis. Employers paying their workers a flat weekly salary regardless of hours worked are not in compliance with the overtime requirement of the Fair Labor Standards Act, unless such workers are subject to one of the overtime exemptions under 29 U.S.C. sec. 213. Such is not the case here. " Unless the contracting parties intend and understand the weekly salaries to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premiums for workers regularly logging overtime, but instead hold that weekly salary covers only the first 40 hours. (Giles v. City of New York, 41 F. Supp. 2d 308, 317(S.D.N.Y 1999). There has been no evidence, testimony, or affirmative defenses advanced by the defendants indicating that Plaintiffs' flat weekly salary would include an overtime component. As such, Defendants' pay practice was clearly unlawful. In addition, NZRS payroll records indicate that class members were docked pay when they did not come to work. Such practice would automatically negate Defendants' claim for an exception under the FLSA.

The individual measure of damages may differ from employee to employee. However, that does not preclude a ruling under Rule 56(d)(2) of judgment as to liability. The sole question at issue on Plaintiffs' proposed motion is whether or not Defendants' practice of paying its workers a flat weekly salary, regardless of the overtime hours worked in a given week, violated defendants' obligation to make overtime payments under the Federal and State law and "spread

of hours" payments under the New York law. In order to be entitled to summary judgment liability in an action under the FLSA, it is well established that " an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated.[2] Anderson v. Mt. Clemens Property Co., 328 U.S. 680, 687 (1946). In any event, even were damages are at issue, it is clear that an "employer cannot be heard to complain that the damages lack the precision of measurement that would be possible had he kept records in accordance with the requirements of the law. *Id.* at 688. Thus, there is no need for a precise measure of damages to be calculated in order for summary judgment to be granted.

As such, Plaintiffs respectfully request leave to file a motion, pursuant to Rule 56(d)(2), seeking partial summary judgment against the Defendants as to liability.

                                                            Respectfully submitted,

                                                            S/S_____
                                                            Delvis Meléndez(D.M.7975)

TO:    McGinity & McGinity
1225 Franklin Ave.
Suite 325
Garden City, New York,11530

---

[2] By way of illustration, commencing in or about 2008, Defendants began generating time records for the first time. These time records clearly show that the Grooms worked 50 to 52.5 hours per week. In addition, the testimony of the defendants witnesses establish that the grooms worked in excess of 40 hours per week and were not compensated at the rate of time and half. Such evidence constitutes admissions under the Federal Rules of Evidence and the premise for Plaintiffs motion for summary judgment as to liability.