## McGinity & McGinity, P.C.

1225 Franklin Avenue
Suite 325
Garden City, New York 11530

Hon. Leo F. McGinity  
Leo F. McGinity, Jr.

Tel: (516) 227-6000  
Fax: (516) 432-7490

February 11, 2011

*Via ECF*  
Hon. Sandra L. Townes  
United States District Court Judge  
U.S. Courthouse  
225 Cadman Plaza East  
Brooklyn, NY  11201

     Re:    ***Gonzalez v. Nicholas Zito Racing Stable, Inc.;***  
            ***(CV 04-0022) (SLT) (AKT)***

Dear Judge Townes:

     We represent the defendants Nicholas Zito Racing Stable, Inc. ("Zito Racing") and Nicholas Zito ("Zito") in the above-referenced action in which plaintiffs seek the recovery of alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA") (29 U.S.C. sec. 201, et seq.), and the New York Minimum Wage Act ("MWA") (New York Labor Law, sec. 191).

     The purpose of this letter is to request a pre-motion conference.  Defendants intend to move for summary judgment pursuant to Rule 56 on the grounds summarized below.  Attached hereto is defendants' Statement of Undisputed Facts pursuant to Local Rule 56.1.

     Defendants' motion for summary judgment will be based upon several grounds.  First, as to the FLSA claims asserted by the six remaining joinder plaintiffs, much if not most of the claims asserted are time barred.  Second, to the extent not time barred, defendants will move to dismiss the portion of the FLSA plaintiffs' overtime pay claims that are duplicative of those plaintiffs' overtime pay claims under the New York State Labor Law.  Third, defendants will establish that the weekly salary paid to the FLSA joinder plaintiffs complied with the FLSA in that the joinder plaintiffs who were employed as hot walkers worked regular weekly hours that did not exceed forty hours per week.  Moreover, any of the FLSA joinder claimants who worked in excess of forty hours per week were paid the required overtime premium for such extra work that complied with FLSA requirements.  We believe that these facts are not in dispute.  (See, attached Rule 56.1 Statement).

     With respect to the Rule 23 class claims asserted under the MWA, defendants' motion will show that Zito Racing employs essentially three categories of employees: (a) grooms; (b) hot walker; and (c) exercise riders.  Hot walkers and exercise riders work regular hours that do not exceed forty hours per week.  Accordingly, the claims of those class members who were

Hon. Sandra L. Townes
February 11, 2011
Page Two

employed as exercise riders and hot walker should be dismissed. Moreover, hot walkers who even arguably worked in excess of forty hours per week were paid the required overtime premium compensation, as Zito Racing's payroll records show.

With respect to persons employed as grooms, defendants' motion will show that those employees were paid a weekly salary that incorporated the required overtime premium pay for agreed and customary weekly hours of employment that exceeded forty hours, and that this compensation arrangement as to incorporated overtime premiums, weekly salary, and regular hours of employment was pursuant to an agreement between those employees and the defendant employer. Defendants' motion will also show that this manner of compensation and these terms and conditions of employment and employment compensation for grooms is the custom in the thoroughbred racing industry, and thus is not in violation of the MWA.

To the extent plaintiffs' Third Amended Complaint includes a "spread of hours" claim under the MWA, defendants' motion will establish that there has been no violation of the spread-of-hours regulations.

The defendants' motion will also establish that the two class representatives, Mr. Berrios and Mr. Chavez, were simultaneously employed by other employers during the time they worked for Zito Racing. Their duties with respect to their other employment precluded them from working the extra hours they now claim they worked for Zito Racing. Moreover, none of the FLSA plaintiffs nor the two MWA class representatives Berrios and Chavez were employed by the defendant Zito Racing subsequent to 2005. Defendants' motion will seek dismissal of all MWA claims subsequent to 2005.[1]

Finally, in the event, *arguendo*, that it is determined that persons employed by Zito Racing as grooms are entitled to recover for unpaid overtime pay under the MWA or FLSA, defendants will move for a declaration that those persons, as misclassified exempt employees receiving a fixed weekly salary, are entitled to no more than 'half-time" pay for hours worked in excess of forty hours per week. This is in accordance with holdings from the First, Fourth, Fifth, Seventh and Tenth Circuit Courts, as well as the position taken by the U.S. Department of Labor on this question as recently as 2009.

Accordingly we respectfully request that the Court schedule a conference for purposes of discussing a briefing schedule for defendants' motion or, in the alternative, if the Court determines that a conference is not necessary under the circumstances, that the Court establish a

---

[1] In regard to this fact and the other facts documented in the discovery process that will be established in defendants' motion, including the overwhelming predominance of MWA claims over FLSA claims, defendants reserve the right to move for decertification of the class.

Hon. Sandra L. Townes
February 11, 2011
Page Three

briefing schedule for defendants' motion.

Respectfully yours,

Leo F. McGinity, Jr.

LFM:hs
Attachment as stated
cc: Delvis Melendez, Esq. (ECF)
    Lloyd Ambinder, Esq. (ECF)